# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 10-00183-04-CR-W-FJG |
| PEDRO PARRA-CARDENAS, | ) ) ) |
| Defendant. | ) |

# ORDER

Currently pending before the Court is defendant's Motion to Suppress Evidence (Doc. # 57).

On June 14, 2010, defendant was arrested by the Drug Enforcement Administration ("DEA"). On June 29, 2010, a indictment was returned charging defendant with conspiracy to distribute a mixture containing methamphetamine. A superseding indictment was returned on September 20, 2011 charging defendant with one count of conspiracy to distribute methamphetamine and one count of illegal reentry into the United States. On October 19, 2011, a second superseding indictment was returned, charging defendant with distribution of methamphetamine, illegal reentry and possession and use of a forged identification document.

On May 11, 2011, defendant filed a Motion to Suppress (Doc. # 57). The Government responded and on May 25, 2011, defendant filed a stipulation acknowledging that he lacked standing to challenge the search of the residence and

stating the he was proceeding only with regard to whether his Miranda waiver was valid. On August 3, 2011, United States Magistrate Robert E. Larsen conducted an evidentiary hearing on the Motion to Suppress. Judge Larsen heard testimony from DEA Special Agent Robert Taylor and DEA Task Force Officer Errol Riggins. The defendant also testified. On October 6, 2011, Judge Larsen entered a report and recommendation (Doc. # 81) which recommended denying Defendant's Motion to Suppress. Judge Larsen found that despite the defendant's limited education, he was able to read the Spanish Miranda form aloud to Special Agent Taylor on June 14, 2010 and defendant also read the form aloud during the suppression hearing. Judge Larsen found that the defendant demonstrated that he knew what his rights were by reading the form. Judge Larsen also determined that the record demonstrated that the defendant was able to effectively communicate in Spanish with Agent Taylor and he had not indicated that he failed to understand any of Agent Taylor's questions. Judge Larsen did not find that the Miranda waiver form was beyond the defendant's comprehension. Finally, Judge Larsen also found that the statement was voluntarily given and that the defendant had not been coerced or intimidated into making the statement.

On October 20, 2011, defendant filed Suggestions in Opposition to the Report and Recommendation (Doc. # 99). Defendant argued that Judge Larsen gave little credence to defendant's limited education and the fact that the defendant was able to read the Miranda form does not show that he was able to understand the form. Defendant states that no one asked him if he understood the constitutional rights that he

was waiving.

The Court, after independent review of the record and applicable law, adopts and incorporates by reference herein, the Magistrate's findings and conclusions. Therefore, the Court hereby **DENIES** Defendant's Motion to Suppress (Doc. # 57).


Date: <u>November 1, 2011</u>　　　　　　　　　　**S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri　　　　　　　　　　　　Fernando J. Gaitan, Jr.
　　　　　　　　　　　　　　　　　　　　　　Chief United States District Judge